IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARLOS HENDON,

      Plaintiff,                    No. CIV S-10-3471 CKD

    vs.

T. VIRGA, et al.,

      Defendants.        <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. On April 25, 2011, the magistrate judge previously assigned to this action granted plaintiff's request to proceed in forma pauperis and ordered service on defendant Virga. (Dkt. No. 6.) On August 29, 2011, defendant filed a motion to dismiss asserting that plaintiff has been found to be a three-strike inmate under 28 U.S.C. § 1915(g)(2).[1] (Dkt. No. 16.)

        Review of court records reveals that on at least three occasions prior to the filing of this action, lawsuits filed by plaintiff in this district were dismissed on the grounds that they

\\\\

\\\\

---

[1] Defendant also raised other possible grounds for dismissal which the court does not address herein.

were frivolous or malicious or failed to state a claim upon which relief may be granted.[2]  See Hendon v. Baroya, et al., CIV S-09-0911 MJS (E.D. Cal.), Order dated July 29, 2010 (finding plaintiff a three-strikes inmate and denying request to proceed in forma pauperis), citing Hendon v. Witcher, CIV S-05-1246 AWI DLB (PC) (E.D. Cal, dismissed on August 6, 2007); Hendon v. Rogel, CIV S-05-1063 DFL PAN (PC) (E.D. Cal., dismissed on August 28, 2006); and Hendon v. White, CIV S-07-1825 GEB CMK (PC) (E.D. Cal., dismissed on February 5, 2008).

A prisoner may not bring a civil action or appeal a civil judgment under the in forma pauperis statute

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In the present case, plaintiff has not alleged facts that suggest he is under imminent danger of serious physical injury.  The complaint alleges that plaintiff's cell in the Mental Health Crisis Unit (MH-OHU) at CSP-Sacramento has "protruding screws on the walls, and other sharp surfaces with which plaintiff and other inmates used . . . to mutilate themselves or cut their bedding to tie and suspend to attempt suicide." (Dkt. No. 1 at 4.)  However, attachments to the complaint indicate that, after plaintiff informed CSP-Sacramento officials through the administrative grievance process of the "protruding screws and sharp objects that could harm an inmate who has self-harm concerns" (id. at 17), the second level reviewer "spoke with Plant Operations Supervisor Dobbs on February 13, 2009, and he stated that all the hardware in the MH-OHU is trimmed too close to attach any type of material to it.  Dobbs also stated that maintenance has gone through MH-OHU and addressed all sharp objects and corners

---

[2] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

found on mounting hardware." (Id.)  Also, "[b]edding is not issued to inmates who indicate they are willing to inflict self harm[.]"  (Id.)  From the record before it, the court does not find plaintiff to be in imminent danger of serious physical injury from sharp or protruding objects on the walls of his cell.  Thus, plaintiff must pay the filing fee in order to proceed with this case.

found on mounting hardware." (Id.)  Also, "[b]edding is not issued to inmates who indicate they are willing to inflict self harm[.]"  (Id.)  From the record before it, the court does not find plaintiff to be in imminent danger of serious physical injury from sharp or protruding objects on the walls of his cell.  Thus, plaintiff must pay the filing fee in order to proceed with this case.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's in forma pauperis status is REVOKED pursuant to 28 U.S.C. § 1915(g);

2. The court's order of April 25, 2011, which granted plaintiff's application to proceed in forma pauperis, is VACATED;

3. The court's order of April 25, 2011, which directed the CDCR to make payments to the court from plaintiff's prison trust account for payment of the filing fee for this action is VACATED;

4. The Clerk of Court is directed to serve a copy of this order on:

(1) the Director of the CDCR; and

(2) the Financial Department, U.S. District Court, Eastern District of California, Sacramento Division;

5. Plaintiff shall submit, within thirty (30) days from the date of this order, the $350.00 filing fee for this action; and

6. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: December 5, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
hend3471.3strikes